UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

WERONIKA JANCZUK,

                                    Plaintiff,

                    -against-

USA; USA SDNY PROBATION,

                                    Defendants.

24-CV-6596 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

        Plaintiff, who is proceeding *pro se*, brings this action under the Court's federal question

jurisdiction challenging conditions of her probation that were imposed upon her in connection

with a criminal matter in this court. By order dated September 7, 2024, the Court granted

Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For

the following reasons, the Court dismisses the complaint.

## STANDARD OF REVIEW

        The Court must dismiss an IFP complaint, or any portion of the complaint, that is

frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary

relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see*

*Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also

dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See*

Fed. R. Civ. P. 12(h)(3).

        While the law mandates dismissal on any of these grounds, the Court is obliged to

construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret

them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in

original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –
to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil
Procedure, which requires a complaint to make a short and plain statement showing that the
pleader is entitled to relief.

## BACKGROUND

Plaintiff brings this action against the United States of America and "USA-SDNY
Probation." The complaint is challenging to read due to Plaintiff's handwriting, but it is clear that
she seeks to be "released from all obligations @ probation."[1] (ECF 1 ¶ III.) Plaintiff "cites
psychiatric & ontological abuse in requirements for probation," "cites hidden, residual,
'invisible' without perception emotional abuse, infantilization, sociologically informed [illegible]
routerization," and claims "[a]buse of compulsion to freedom via officer." (*Id.*) Plaintiff "sues for
release from all requirements," and "for <u>potential</u> 'adoption' into industrially genius and healthy
scaffolds for growth." (*Id.*)

According to publicly available records, on January 29, 2024, Plaintiff was convicted of
anonymous telecommunications harassment and sentenced to time-served and one year of
supervision. *See United States v. Janczuk*, ECF 1:24-CR-0010, 43 (LGS) (S.D.N.Y. Jan. 30,
2024). The terms of Plaintiff's supervision include several restrictions on her use of e-mail and
social media. *Id.* Plaintiff appealed her January 24, 2024 judgment of conviction to the United
States Court of Appeals for the Second Circuit, and that appeal is pending. *See United States v.
Janczuk*, No. 24-351 (2d Cir.).

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation
are as in the original unless otherwise indicated.

**DISCUSSION**

The Court must dismiss Plaintiff's claims against the United States of America and "USA-SDNY Probation" under the doctrine of sovereign immunity. This doctrine bars federal courts from hearing all suits against the federal government and its agencies except where sovereign immunity has been waived. *United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)).

Plaintiff alleges no facts or legal provisions that suggest that the doctrine of sovereign immunity has been waived with respect to her claims against the United States of America or the "USA-SDNY Probation. The Court therefore dismisses Plaintiff's claims against the United States of America under the doctrine of sovereign immunity, and consequently, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

Insofar as Plaintiff is attempting to collaterally challenge her conviction, a civil rights action is not a proper vehicle for such a claim. A petition for a writ of *habeas corpus* is the sole remedy to challenge a judgment of conviction, s*ee Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973), and a challenge to a federal conviction or sentence is brought as a motion to vacate under 28 U.S.C. § 2255. Any challenge to Plaintiff's conviction, or objection to her ongoing proceedings about probation supervision, is therefore dismissed without prejudice.

The Court previously alerted Plaintiff that a challenge to her conviction or sentence should be brought as a motion to vacate under Section 2255. *See Janczuk v. United States* , ECF 1:24-CV-3661, 6 (LTS) (S.D.N.Y. Oct. 25, 2024); *Janczuk v. Fed. Commc'n. Comm'n*, ECF 1:24-CV-2445, 6 (LTS) (S.D.N.Y. June 26, 2024). The Court has also warnings Plaintiff on several occasions that continued submission of actions determined to be frivolous or without merit may result in an order directing her to show cause why she should not be barred, under 28 U.S.C. § 1651, from filing new civil actions in this court IFP without prior permission. *See Janczuk v.*

*Fed. Trade Comm'n*, ECF 1:24-CV-3703, 6 (LTS) (S.D.N.Y. Aug. 6, 2024). That warning remains in effect.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). Any challenge to Plaintiff's conviction, or objection to her ongoing proceedings about post-release supervision, is dismissed without prejudice.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter judgment in this case.

SO ORDERED.

Dated:    November 21, 2024
          New York, New York

                          /s/ Laura Taylor Swain
                          LAURA TAYLOR SWAIN
                          Chief United States District Judge